Monica Knox on behalf of Mr. Lowe. I will reserve two minutes for rebuttal and watch my own time. The two certified issues in this case have to do with whether petitioner's conviction for felon in possession was tainted by improper jury instructions and substantial constitutional error found by the state court. Counsel, can I just get some clarification? I hate to interrupt you, and I hope we'll get some time to hear your introduction. This is not the certified questions, right? These are not the questions certified by the judge. I believe they are. Well, I should say, to the extent that what we're arguing on this appeal is that the instructions that were given on felon in possession were improper, and the conviction thereby is tainted because the state court of appeal on direct appeal Do you have the judge's COAs in front of you? Yes. Would you read them for me? There are three of them, right? And you've waived one of them. We did not raise on appeal the issue of cruel and unusual. Right. The first one is, does petitioner's conviction for felon in possession of a firearm violate due process because it is based on a jury verdict after a trial found by the state court to have been infected by substantial constitutional error as to all other verdicts. I don't see anything in there about instructions. Pardon me? I don't see anything in there about instructions. Well, the substantial constitutional error Well, let me back up. Ultimately, the challenge in this case is that petitioner's felon in possession conviction cannot stand. And there are two ways that that is raised. One is that it was ineffective assistance to counsel not to raise that on direct appeal, where we say it would have prevailed had it been raised. And the other is directly if it violates due process. Now, there are two certified issues here. One is, is that conviction tainted by the substantial constitutional error found by the state court? And our argument is that it is, in fact, tainted by that because part of the constitutional error found by the state court on direct appeal was that the assault with a deadly weapon conviction was not supported by evidence and therefore was set aside. That is substantial constitutional error. The way the instruction on felon in possession was given in this case and what is wrong with it is it specifically told the jury that it could find, it had to find petitioner guilty of felon in possession if they found him guilty of assault. That assault having been set aside is the substantial constitutional error that infects the felon in possession charge. I think Judge Benitez has a question. Yes, counsel, let me piggyback onto what Judge Bybee just asked you, though. Was the issue regarding the erroneous jury instruction ever addressed either to the state court or to the district court at any time? In other words, did you ever argue to them that the instruction itself was erroneous? No. What petitioner raised in his petition in state court as well as in his petition in federal court is that it was ineffective assistance to counsel for counsel not to raise a challenge to the felon in possession charge on direct appeal. Right, so how do you get to instructional error on this appeal? Because, I mean, you have two problems. I mean, I think we're all concerned about the same issue. One is exhaustion. Did the state courts fairly consider the instructional error you're raising to us? Two, was it raised before the district court? And three, is it part of the certificate of appealability? Now, I've read the federal petition and I don't see anything about instructional error in there. So the question is how do we reach the issue you want to argue before us today? And my argument is that you can reach it through the ineffective assistance to counsel claim, which most clearly was raised in both the state petitions. Is there any discussion in the district court's decision in this case of instructional error? Can you point to me to the page where the district court considered the instructions that you're appealing today? The district court did not consider the instruction of- And then how can it be part of the certificate of appealability if it was never considered by the district court? We've argued something entirely different on appeal than was raised to the district court. We don't have the benefit of a district court opinion on this. We don't have any hearings on this. Well, there isn't a factual finding that's involved and this court reviews habeas de novo. And so that's in and of itself- Right, the certificate of appealability is a limit on our jurisdiction and you've raised an entirely different aspect of this problem than was briefed to the district court. Well, I would suggest that what I read, the certificate of appealability, that issue, covers that because it says, is his conviction infected by substantial constitutional error found by the state court? My argument is, yes, it was. The substantial constitutional error is that the assault was not supported by sufficient evidence and that that's what's wrong with the felon in possession charge. And so I think that the plain language of the certificate of appealability does, in fact, cover that. Are you waiving all the other grounds then that were decided by the district court that are not part of your brief? Yes. Okay. So once you get to the merits of your argument on that, I gather you're making sort of a Lara argument on this? No, I'd like to focus- You raised Lara in your briefs and then subsequently the Supreme Court. In my brief, I raised this issue two different ways. The first way through arguing it was a federal due process violation because the instruction on the face is wrong, which then brings up the issue of how this court looks at prejudice from a federal constitutional point of view. Lara was the law at the time. Pulido's come down, and so now we're back to a neater analysis. And while I think we can make that neater analysis, I would like to spend my limited time focusing on the second issue, which is the IAC issue. Because through IAC, what this court would have to find in order to find prejudice is that had counsel raised this issue on direct appeal, there's a reasonable likelihood that it would have prevailed on direct appeal. And that is clear. The instruction is clearly wrong because it starts out by telling the jury if they find that he's, if he's been convicted of an assault with a deadly weapon, he is guilty of felon in possession. That is absolutely wrong. That is not the sole way to, that is not enough to find him guilty of felon in possession. Counsel, but I have a question. Throughout this whole proceedings, at the lower court, the state court, the district court, no one has specifically argued this erroneous jury instruction issue until now, until we received the case. Why is it that you believe that the attorney on appeal should have raised the issue when nobody else has raised it up until now? Well, the fact that there may be more than one attorney who's touched this case and didn't raise it doesn't mean that everybody else is confident. I agree that the trial attorney didn't raise it and the appellate attorney didn't raise it. But that's the basis of his ineffective assessment. I'm sorry, I didn't mean to cut you off, but it wasn't raised at the district court level either. So it hasn't been raised by habeas counsel? No. Okay. But the instruction is, on its face, wrong. And I don't think anybody would suggest that that statement which tells them they have to, it doesn't say you can, it says he is guilty of felon in possession if he's been convicted of assault with a deadly weapon. That is wrong. It's on its face wrong. And I don't think any competent attorney could read that and say there's nothing wrong with that instruction. It clearly misstates the elements of the offense, which under California law, as well as under federal law, is illegal. And so there's no question that the instruction is improper. The prejudice that he would have to establish under state law is that the court can affirm when there's been an improper instruction only if it appears beyond a reasonable doubt that the error did not contribute to the verdict. In this case, we have a situation where the prosecutor argued the instruction is wrong. The prosecutor argued that they could convict him if they found that he, they could convict him of felon in possession. If they found that he had promoted his accomplice's possession of a weapon, again, absolutely a wrong statement of law. And we know from juror questions asked during deliberations that the jurors did not, at least some of the jurors did not believe that Mr. Lowe ever actually possessed the gun. And so would have had to find some other theory to convict him on. There was evidence that he actually possessed the gun, but that evidence was, there were lots of problems with that evidence. It came only from Rapola. And it's clear that some of the jurors did not believe his testimony. And there was an instruction, there was a question during jury deliberations specifically asking if they could find him guilty if it was constructive possession, if he knowingly remained present when his accomplice had the gun, which clearly shows that some of the jurors were not going towards actual possession. Thank you, counsel. Thank you. Thank you. We'll hear from the government. Thank you, your cold seems better today. Your cold seems better today. A little bit better, thank you. May it please the court, Justin Riley on behalf of the warden. As I've set forth in the first part of my brief, I don't believe that there are any valid issues for this court to consider on appeal. Would you mind, Mr. Riley, assuming for the sake of argument that the issue raised today had been preserved, exhausted, and part of the certificate of appealability, would you mind addressing it on the merits? I think we understand your arguments on all those other grounds, and we're not ignoring them, but I'd like to hear your views on the merits. Thank you. Unfortunately, my fallback argument was to address the merits of what Mr. Lowe raised in the district court. I didn't necessarily see that I was going to be addressing the merits of this claim given the Ninth Circuit's court rule. Obviously, the state of the law has changed with regard to harmless error and this type of instruction, as the court has noted. And this type of claim requires the court to read this instruction in light of all the others and the remaining instructions in this case haven't been presented to this court. I can just say as a matter of... So I gather your position is that if we were to entertain this, you would want to remand it and at an opportunity to address it fully in the first instance. I believe so. Okay. So... And you'd rather not address it on the fly today. I don't think so. Thank you. If there are any other questions regarding questions in my brief. All right. Thank you. I'd be glad to submit it. We'll let you save your voice. Thank you, counsel. Cases for it will be submitted.
judges: Thomas, Bybee, Benitez